OPINION
{¶ 1} On September 5, 2002, the Muskingum County Grand Jury indicted appellant, Timothy Tanner, on one count of burglary in violation of R.C. 2911.12 and one count of theft in violation of R.C. 2913.02. Said charges arose from a burglary at the residence of George Hensley on August 26, 2002.
 {¶ 2} A jury trial commenced on October 31, 2002. The jury found appellant guilty as charged. By judgment entry filed December 16, 2002, the trial court sentenced appellant to an aggregate term of three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "Whether the trial court erred by permitting hearsay testimony on multiple occasions, some over objections, thereby unfairly tainting the case against the appellant."
 II {¶ 5} "Whether the verdict of jury was against the manifest weight of the evidence."
 I {¶ 6} Appellant claims the trial court erred in permitting hearsay testimony. We disagree.
 {¶ 7} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 8} Appellant points to four incidents of impermissible hearsay. Hearsay is defined in Evid.R. 801(C) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
 {¶ 9} The first incident cited by appellant as hearsay occurred during the direct testimony of Muskingum County Sheriff Deputy Craig Knox. Deputy Knox investigated the burglary. He testified he met Irene Smith on the roadway and had the following conversation with her:
 {¶ 10} "Irene had advised me that she was driving in a van with a Susan Creeks, and that they were traveling eastbound on Coopermill Road, and that it was approximately 9 p.m., and that as they passed Ms. Creek's residence, which is 6375 Coopermill Road, they had seen a white male with no shirt on that had long, what she described as straggly hair, had facial hair, was walking west on Coopermill Road near that driveway." T. at 87-88.
 {¶ 11} Although defense counsel objected to the testimony, the trial court permitted the testimony as "in the course of the investigation." T. at 87. Ms. Smith testified sometime after Deputy Knox and her testimony was essentially the same. T. at 120-121.
 {¶ 12} Based upon Ms. Smith's subsequent testimony, we find the description of Ms. Smith's statement to Deputy Knox was not offered "to prove the truth of the matter asserted." Deputy Knox's testimony was not hearsay under Evid.R. 801(C).
 {¶ 13} The second incident cited by appellant as hearsay occurred during the direct testimony of Muskingum County Sheriff Detective Lieutenant Steve Welker. The complained of testimony concerns appellant's own statements made to Detective Welker after appellant was taken into custody and mirandized. T. at 185-189. Clearly, such statements are not hearsay, and qualify as admissible under Evid.R. 801(D)(2) which states the following:
 {¶ 14} "A statement is not hearsay if:
 {¶ 15} "(2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity * * *."
 {¶ 16} Appellant argues the trial court gave the wrong reasoning in permitting the testimony. Under the rules of evidence, a trial court is not required to give its reasoning for a ruling during trial. The fact that the trial court sub judice did not point to the specific rule which permitted the testimony did not make the otherwise admissible testimony inadmissible.
 {¶ 17} The third incident cited by appellant as hearsay occurred during the direct testimony of Don Ullman, Mr. Hensley's neighbor. Mr. Ullman testified to an encounter with a stranger walking in his neighborhood on the day of the burglary. T. at 150. Mr. Ullman described the individual and told of their conversation. T. at 150-152. Mr. Ullman did not identify appellant as the individual. T. at 152. This does not qualify as testimony "offered in evidence to prove the truth of the matter asserted."
 {¶ 18} The last incident cited by appellant as hearsay occurred during the direct testimony of his estranged wife, Carrie Lee Cox. Appellant complains of "numerous observations about the Appellant that were hearsay in nature." Ms. Cox testified to observing appellant take her vehicle, a blue Pontiac, from her grandfather's driveway. T. at 158-159. She stated appellant had tattoos as did his brother, and appellant's brother had short hair with curls in back. T. at 166, 169. She then identified her vehicle from photographs taken near the crime scene. T. at 167. These incidents are not hearsay, but are examples of direct evidence within Ms. Cox's personal knowledge.
 {¶ 19} Upon review, we find the complained of testimony does not constitute hearsay.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 22} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v.Richey, 64 Ohio St.3d 353, 363, 1992-Ohio-44. Circumstantial evidence is to be given the same weight and deference as direct evidence. State v.Jenks (1991), 61 Ohio St.3d 259.
 {¶ 23} Appellant was convicted of burglary in violation of R.C.2911.12(A)(2) and theft in violation of R.C. 2913.02(A)(1) which state as follows, respectively:
 {¶ 24} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 25} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.
 {¶ 26} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 27} "(1) Without the consent of the owner or person authorized to give consent.
 {¶ 28} It is undisputed that Mr. Hensley's home was broken into and his motor home was taken on August 26, 2002 between 6:00 and 7:30 p.m. T. at 57-58. After returning home and discovering the crime, Mr. Hensley observed "an Oldsmobile, or a little Pontiac" parked near his house. T. at 58. Ms. Cox identified this vehicle as belonging to her, the same vehicle she observed appellant take from her grandfather's driveway without permission on May 27, 2002. T. at 158-159, 167. On same date, she had reported the vehicle as stolen. T. at 160-161.
 {¶ 29} Mr. Hensley and his neighbor, Robert Ward, observed appellant near the vehicle and identified him in court. T. at 67-68, 147. After the motor home was recovered, Mr. Hensley testified to new berry stains on the seat. T. at 69-70, 202, 218-220. Appellant had berry stains on his jeans. T. at 194-195, 220.
 {¶ 30} Another neighbor, Lori Wilson, observed the motor home being driven from Mr. Hensley's residence by two males, the driver white. T. at 109-110. The driver was shirtless, had facial hair and had unkempt shoulder length brown hair. T. at 110, 112. Appellant, white, was found near the scene, shirtless, with facial hair, unkempt shoulder length hair and tattoos. T. at 85-86, 112-114. Ms. Wilson testified the driver of the motor home was the same individual who was by the blue vehicle, Ms. Cox's vehicle. T. at 113-114.
 {¶ 31} Ms. Smith and Ms. Creeks testified to seeing a shirtless white male with shoulder length straggly hair near Mr. Hensley's driveway on the day of the incident. T. at 121-122, 132. They both identified a photograph of appellant (State's Exhibit 23) as the individual they had seen. T. at 128, 136-137.
 {¶ 32} Mr. Ullman testified he observed a shirtless man with dark hair and tattoos walking in the neighborhood and spoke to him. T. at 150-152. Appellant told Mr. Ullman "`Oh, by the way, if you get a report of a stolen van, * * * my brother stole it and wrecked it out here at the old Ohio Power ground.'" T. at 151.
 {¶ 33} Appellant's challenge is based upon the lack of direct evidence to incriminate him. It is clear through direct evidence appellant was in the vicinity of the break-in and theft. Further, it is also clear an individual of his physical description was seen in the stolen motor home and berry type stains on the seat of the motor home and appellant's jeans were consistent.
 {¶ 34} Upon review, we find substantial, credible evidence to support the jury's verdict, and no manifest miscarriage of justice.
 {¶ 35} Assignment of Error II is denied.
 {¶ 36} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Edwards, J. concur.